■ In the Matter of BUSINESS HEALTH, INC., Respondent, v HAROLD JOHNSON et al., Constituting the Planning Board of the Town of Carmel, Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Planning Board of the Town of Carmel, which

denied petitioner's application for approval of a subdivision plat, the appeal is from a judgment of the Supreme Court, Putnam County, dated August 11, 1976, which, *inter alia,* annulled the determination. Judgment affirmed, without costs or disbursements. Petitioner-respondent is the owner of approximately 177 acres of land located in the Town of Carmel. In May, 1974 petitioner applied to the town planning board for approval of a two-lot subdivision. One lot of the subdivision was to consist of two acres out of petitioner's total parcel. The planning board refused to approve the application unless petitioner set aside approximately 10% of its land as a recreation area. Petitioner then commenced this CPLR article 78 proceeding and Special Term granted the petition holding, *inter alia,* that the planning board's insistence on the *present* reservation of 10% of petitioner's land is arbitrary and capricious. Special Term went on to hold that the planning board may "reserve [its] right to insist on a 17.7 acre recreational tract should petitioner propose a significant development of the property at some future date." Furthermore, the court noted that "should petitioner continue to subdivide and sell off small parcels of land such that the remaining undeveloped parcels it retains approach an area of less than 17.7 acres, the reservation may be insisted on at that time." Subdivision 1 of section 277 of the Town Law provides that a proposed subdivision plat shall "show in proper cases * * * a park or parks suitably located for playground or other recreational purposes." Under the circumstances, it cannot be said that the subdivision here contemplated (with one two-acre parcel) is a "proper" case in which to require dedication of more than 17 acres. However, we note as Special Term did, that the planning board may reserve its right to insist upon a 17.7-acre recreational tract at an appropriate date in the future. In this regard we take cognizance of the fact that petitioner, in its brief, states that it "has suggested that the [subject] subdivision plat contain a statement to the effect that in the event of the future development of the remaining parcel, the Planning Board may reserve its right to any recreational area." Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.